## MANN v. HOWE, et al.

1. PLEADINGS. Where in an action on two promissory notes, the petition, which was sworn to and demanded an answer under oath, claimed of the defendant the sum of two thousand dollars, and the defendant answered under oath, denying that there was due the plaintiff " the sum of two thousand dollars, on said notes," and leaving the allegations of the petition undenied, whereupon the plaintiff filed his replication admitting the allegations of the answer; *Held*,

1. That the answer showed no substantial defense to the action, and that the objection could be taken by demurrer or by a motion to strike it from the files.

2. That as there was no issue made up by the pleadings, the court did not err in refusing a jury trial, and in rendering a judgment for the amount due to the plaintiff.

HARVARD LAW SCHOOL LIBRARY 547

2. PRACTICE. This court will not reverse a judgment for the reason that the cause was taken up and tried in the court below out of its order, when it is not shown that the appellant was prejudiced thereby.

## Appeal from Polk District Court.

### WEDNESDAY, NOVEMBER 2.

*C. C. Nourse* for the appellant, relied upon *Busick* v. *Burn*, 3 Iowa 63; *Markey & Fitting* v. *Mettler*, 1 Ib. 528; *Burlington & M. R. R. Co.* v. *Marchand*, 5 Ib. 467; 2 Ib. 409; Code of 1851, section 1762.

*Cole & Jewett* for appellee, cited Code of 1851, sections 1736, 2518, 1742; *McConnoughey* v. *Weider*, 2 Iowa 408.

STOCKTON, J.—The plaintiff by his petition claims of the defendants the sum of two thousand dollars as money justly due him from defendants, and for cause of said claim states: 1, That defendants, on the 3d November, 1857, executed to plaintiff their joint and several promissory note for $1000, payable seven months after date, with interest at the rate of ten *per centum per annum*. 2, That on the 4th November, 1857, said defendants executed to plaintiff a like note for the sum of $597.95, payable thirty days from date, with interest at the rate of three *per centum per month* till paid. On the first note was a credit indorsed of $130, paid by defendant Holaday, November 5th, 1857.

The petition being sworn to, the defendants were required to answer under oath. Miller and Howe, two of the defendants served with process, answer under oath, and " deny that there is due plaintiff the sum of two thousand dollars on said notes, as charged by plaintiff in his petition." Holaday, though served with process made no answer. The plaintiff made a motion to the court to strike the answer of Miller and Howe from the files, of which no formal disposition appears to have been made. A replication was afterwards filed in which plaintiff admits that there is not two thousand dollars due from defendants to plaintiff.

The District Court, as appears by the record, called up the cause out of its order, and the defendants being called, judgment cf default was entered against them. The bill of exceptions states that defendants objected to the cause being taken up out of its order, but the objection was overruled. The defendants then asked to have a trial by jury, which the court refused, and refused to allow defendants to offer any evidence of payment on the notes, and rendered judgment in chief for the amount found due to the plaintiff.

The answer of the defendants Miller and Howe was only a denial that the sum of two thousand dollars was due to the plaintiff upon the notes sued on. The other allegations of the petition were undenied; and giving to the defendants the full benefit of their answer, the plaintiff was still entitled to judgment for such sum, less than two thousand dollars, as the court should deem to be justly due and owing from the defendants, upon the cause of action declared on. The answer of defendants was justly open to objection upon demurrer, as not, by fair and natural construction, showing a substantial defense to the action. Code, sections 1734, 1735. Or the court might well, upon the application of the plaintiff, have directed the answer to be taken from the files. The defendants, however, cannot complain that the answer was allowed to stand, and that they were permitted to have the full benefit of it, so far as it was to be deemed an answer or defense to the action.

The material and substantial portion of the plaintiff's petition was unanswered. As the answer put in by defendants contained neither a specific admission nor denial of these affirmative allegations of the petition, they were to be taken as true. Code, section 1742. When the cause came on for trial, there was no need that defendants Miller and Howe should be formally called, and a formal judgment by default entered against them, as for want of an appearance. They had appeared and put in an answer, such as it was. If in the judgment of the court, on the hearing of the cause this answer was not a defense to the action, or if there was

any affirmative allegation of the petition necessary to be responded to, to which the answer filed was neither an admission nor a denial, it was proper that the court should render judgment that these allegations be taken as true. This is called, technically, a judgment by *nil dicit*, and not a judgment by default. The court, in this instance, however, attained, practically the same result in rendering judgment by default against all the defendants. No prejudice has resulted therefrom to the interests of defendants. They were not entitled to a trial by jury, as there was no issue to be tried. They were not entitled to have the damages assessed by a jury, because they were virtually in default, and could not demand a jury for that purpose. Code, section 1830. They were not entitled to prove payment of the notes, as no such defense is made by their answer. As to the taking up of the cause, out of its order on the docket, against the objection of defendants, we think the District Court must be allowed the exercise of its own discretion in the disposition of the business before it, and unless some prejudice is shown to have resulted to defendants from an improper exercise of this discretion, the action of the court will not be interfered with.

Judgment affirmed.