MARY A. CROSBY *et al.*

*v.*

JOHN C. KIEST.

*Filed at Ottawa January 22, 1891.*

1. JUDICIAL SALE—*notice—the statute construed.* The statute (Rev. Stat. chap. 77, sec. 14,) prescribing the notice of sales of land on execution does not apply to sales by a master under a decree in chancery.

2. Where a court of chancery decrees the sale of land for the payment of money, it may, under its general powers, prescribe such notice to be given of the time of sale as may be reasonable. Three weeks' notice by publication in a public newspaper is reasonable.

3. PRACTICE—*trying a cause out of its order on the docket.* Where the solicitors of the parties are absent from the court when a chancery cause is called for hearing, the court may, in its discretion, continue the cause or pass it to some future day, and return to it afterward when the parties are present or have had notice that the cause would be taken up, and then dispose of the same. By such passing of the case the court does not lose its jurisdiction to take up the case and dispose of it afterwards during the term.

4. RELEASE OF ERRORS—*must be pleaded.* In case a decree is for too large an amount, the error, on appeal, can not be obviated by filing papers in the court below stating that the decree has been paid. If the error has been released, the only way to take advantage of it is by a plea of the release.

APPEAL from the Appellate Court for the Second District; heard in that court on appeal from the Circuit Court of Kane county; the Hon. ISAAC G. WILSON, Judge, presiding.

Mr. FRANK CROSBY, for the appellants:

The cause was not lawfully taken for hearing in the circuit court.   Rev. Stat. chap. 110, sec. 17; *Clapp* v. *Rauch*, 90 Ill. 470.

The decree is not supported by the evidence, and prescribes an insufficient notice of the sale.   *Moore* v. *Bracken*, 27 Ill. 26; *Augustine* v. *Doud*, 1 Bradw. 588.

The Appellate Court erred in its action relative to the Ranstead stipulation and the copy of record of a release of the mortgage.

The Appellate Court can not consider matters occurring subsequently to the final decree, which operate as a release of errors, unless they are pleaded as such.

Messrs. HOPSON & HOLLENBEAK, for the appellee:

Whether there is good cause for trying a cause out of its order is a matter of discretion of the trial court.   *Reiman* v. *Ater*, 88 Ill. 299; *Smith* v. *Nat. Bank*, 79 id. 118; *Clark* v. *Marfield*, 77 id. 258; *Anthony* v. *Bank*, 93 id. 225.

This cause was not taken up in advance of its regular order, but was reached in its regular order, and passed temporarily, and appellants being then in default, are in no position to complain, as the delay was not prejudicial to them.   *Crowley* v. *Crowley*, 80 Ill. 469; *Stobie* v. *Dills*, 62 id. 432.

If the decree was for too much, the alleged error has been settled by the parties.

The statute cited applies only to execution sales.   The manner of advertising sales under decree is largely within the discretion of the chancellor.   *Augustine* v. *Doud*, 1 Bradw. 592; *Karnes* v. *Harper*, 48 Ill. 527.

Sections 42, 57 and 48 of the Chancery act fully authorize the court to make and regulate the enforcement of the decree, and this matter, not being specifically controlled by statute, is certainly within the general chancery powers of the court. Also, that this matter is within the discretion of the court, and

not controlled by said section 14, chapter 77, of the statute, see *Moore* v. *Bracken,* 27 Ill. 26.

In New York this matter is controlled by rule of court, and such rule in certain cases prescribes a different notice from the notice prescribed by statute in sales upon execution. (2 Barb. Ch. Pr. 526.) And where not otherwise provided by the statute, or by the order of the court, the rule of court controls.

A reasonable notice in the sale of lands under a decree in chancery is all that can be required. *Darrington* v. *Borland,* 3 Porter, 12; Daniell's Ch. (1st Am. ed.) 1450, note 2.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill brought by John C. Kiest, against Mary A. and Frank Crosby, to foreclose a mortgage for $2000, due February 28, 1887, with unpaid interest from February 28, 1886. John Kelley held a note against the Crosbys for $300, secured by a trust deed to D. B. Sherwood, which was executed after complainant's mortgage. Kelley and Sherwood were therefore made parties defendant to the bill as junior incumbrancers. They answered the bill, and also filed a cross-bill to foreclose the deed of trust held to secure the $300 note. Appellants, the Crosbys, answered, admitting execution and the non-payment, etc., of the mortgage and note, but alleging that one William Grote was agent for appellee, and that Grote agreed with the appellants, on or about February 28, 1886, to extend the time of payment of the principal of the note three years longer than the time fixed in the note, and alleged that they had offered to pay one year's interest due, and that the appellee refused to accept the interest, and demanded payment of the principal and interest. Appellants also filed a cross-bill, praying specific performance of the alleged agreement to extend the time of payment of the principal. A replication was filed to the answer, and an answer to the cross-bill, and the cause proceeded to a hearing on the pleadings and evidence, and the court rendered a decree in favor of complain-

ant for the amount of his note and mortgage, and also a decree in favor of Kelley, on his note and trust deed. This decree was affirmed in the Appellate Court.

At the April term, 1889, of the circuit court of Kane county, the cause was at issue and pending for a hearing, with other causes, on the chancery docket, and on the 21st day of June, one of the days of the April term of court, the cause was reached on the regular call of the docket. The complainant was not present when the cause was reached, nor were the defendants, Frank and Mary Crosby, in court. No one representing any party in interest was present, except the solicitor for John Kelley. When the cause was reached, he stated to the court that the complainants in the original bill and the complainant in the cross-bill desired a hearing during the term, and the cause was temporarily passed. On June 25, 1889, upon notice, but in the absence of appellants and their solicitor, and against their written objections then on file and brought to the notice of the court, the cause was finally heard and a decree rendered in favor of appellee on his original bill, and of Kelley and Sherwood on their cross-bill, and it is insisted that the court erred in hearing the cause and rendering a decree against the objection of appellants, after the cause had been passed, as it had been, on the docket.

This position is predicated on section 17 of the Practice act, which is as follows: "All the causes shall be tried or otherwise disposed of in the order they are placed on the docket, unless the court shall, for good and sufficient cause, otherwise direct." (Rev. Stat. 1874, p. 777.) In considering this section of the statute in *Reiman* v. *Ater,* 88 Ill. 301, it is said: "The statute gives that court (the circuit court) the discretionary power to try causes out of the order in which they stand on the docket for trial, and, until rebutted, we must presume the discretion was properly exercised." Here, as it appears from the record, when the cause was reached neither counsel nor parties were in court. They were temporarily absent, and the court,

in the exercise of its powers, had the power to continue the cause until the next term; or the court might, no doubt, decline to go on with the call, send for the parties or their counsel, and when they should be brought in, go on with the hearing; or the court might, as it did, pass the case for the time, and return to it at a subsequent day when the parties were in court or had notice that the cause would be taken up. It is a common practice to pass a cause when it is reached on the docket and for some cause it may not at the moment be ready, and it has never been supposed that when the court did so it lost jurisdiction to take up the case and proceed with a trial at a subsequent day. When the cause was reached, and the parties happened not to be present, it was a matter of discretion in the court to pass it to some future day of the term, or continue it for the term, and that discretion was properly exercised in this case.

It is also claimed that the decree prescribes an insufficient notice of sale. The decree required the master in chancery to "give public notice of the time and place of said sale, by previously publishing the same for the space of three weeks in a public newspaper printed and published in said Kane county." Section 14, chapter 77, page 623, of the Revised Statutes of 1874, provides that no real estate shall be sold by virtue of any execution, unless the time, specifying the hour of the day, and the place of holding such sale, shall have been previously advertised three successive weeks, once in each week, in a public newspaper published in the county where the sale shall be made, and by posting up written or printed notices thereof in at least three of the most public places in the county where the real estate is situated. If this section of the statute controls a sale under a decree by the master in chancery, it is apparent that the notice involved is insufficient, as the decree fails to prescribe three successive weeks' notice, and also fails to require notices to be posted, as plainly required by section 14 of the statute, where lands may be sold on execution. We find no section of the statute requiring the same notice to be

given by a master in chancery on sale of real estate under decree, as is required where the sheriff sells on execution, and while it would be a good practice to require, by decree, the master to give the same notice that a sheriff is required to give, still, a failure to prescribe such notice in the decree, in the absence of a statute, is not erroneous. Where a court of chancery decrees the sale of lands for the payment of money, it may, under its general chancery powers, prescribe such notice to be given of the time of sale as may be reasonable. The notice required by the decree in this case was similar to the one provided by the statute where a sale is made by the sheriff, and we do not regard it unreasonable.

It is also claimed that the decree, as to Kelley's claim, is not sustained by the evidence. The evidence on the hearing shows that Kelley's mortgage debt, including solicitor's fee, amounted to the sum of $361.67; but the decree required the sum of $387.65 to be paid, and in default of payment, the premises be sold for the payment of that amount. This was error. It was, however, sought to cure the error in the Appellate Court by filing in that court certain papers showing that Kelley's debt had been fully paid and his mortgage released of record in the recorder's office of Kane county. We do not think these papers were competent for the purpose of curing the error contained in the decree. On appeal, a case must be determined on the record brought from the lower court, and on that alone. If, after a judgment or decree has been rendered in the circuit court, the judgment has been fully paid and the errors released, the only mode that question can be brought to the attention of the court on appeal is by a plea of the release of errors. (*Moore* v. *Williams,* 132 Ill. 594.) This error, however, does not affect the decree in favor of John C. Kiest. It only affects the decree in favor of John Kelley.

The decree of foreclosure in favor of John Kelley will be reversed. In all other respects the decree will be affirmed.

*Decree reversed in part and in part affirmed.*