## C. J. LINDERMAN v. J. T. NOLAN.

(Filed September 11, 1905.)

1. VERDICT—Set Aside, When. It is the duty of a trial judge to set aside the verdict of a jury unless he is satisfied that substantial justice has been done. An appellate court should not set aside a verdict unless it is manifest that injustice has been done.

2. PRATICE—New Trial Granted—Procedure. Where a trial has been had in the district court and a veridct returned in favor of the defendant, and the court, on motion of the plaintiff grants a new trial, to which ruling the defendant excepts, the defendant may either appeal to the supreme court at once, without waiting for the result of the second trial, or he may participate in the second trial and if the judgment is adverse to him, appeal from the final judgment, and if one year has not elapsed from the time the first motion for new trial was granted, he may include in his petition in error the assignment that the trial court erred in granting the first new trial, and have reviewed the question as to whether the action of the trial court in granting such new trial was erroneous.

3. APPEAL—New Trial—Order Granting—Reversed, When. The supreme court will not reverse the order of the trial court granting a new trial, unless the supreme court can see beyond all reasonable doubt that the trial court has manifestly and materially erred with respect to some pure, simple and unmixed question of law, and that except for such error the ruling of the trial court would not have been made, as it was made, and that it ought not to have been so made.

4. **TRIALS—Order of.** The statute prescribing the order of trial for cases upon the trial calendar, is not mandatory, but vests large discretion in the trial court to dispose of the causes in such order as will the most economically and speedily dispose of the business before the court.

5. **TRIALS—Absence of Counsel.** While courts ordinarily, through courtesy, will call counsel when their cases are reached for trial, such is not a duty, and it is no abuse of discretion to proceed to trial with a cause when it is reached for trial in the absence of one of the parties or his counsel, where no postponement has been granted or permission given to be absent.

(Syllabus by the Court.)

*Error from the District Court of Noble County; before Bayard T. Hainer, Trial Judge.*

*H. A. Johnson,* for plaintiff in error.

*H. B. Martin, Chas. R. Bostick, Jr., Green & Martin,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: The plaintiff in error, C. J. Linderman, was sued in the district court of Noble county by the defendant in error, John T. Nolan, upon three several promissory notes of the aggregate value of $198.79, executed by Linderman to Nolan. The answer alleged partial failure of consideration and also that the notes had been materially altered after their execution and delivery. The cause was tried to a jury on April 18, 1903, and verdict returned and judgment rendered in favor of the defendant. The court, on motion of the plaintiff, granted a new trial. The defendant excepted to the order granting a new trial, and asked and was granted time to make and serve a case. Before the expiration of the time last granted, he applied for an extension of the time upon the ground that the court stenographer had been unable to transcribe the notes of the trial. The

court denied this application, and no case was served or set-tled and no appeal was perfected.

The cause was regularly assigned for trial at the suc-ceeding term of court, and was reached on December 18, 1903. When the cause was called for trial, the defendant and his counsel were absent from the court room, and the court pro-ceeded in their absence. A jury was empaneled, the plain-tiff's testimony introduced, the jury instructed, and verdict returned in favor of the plaintiff for the full amount of the principal and interest of the several notes. When the jury were retiring to consider of their verdict, the attorney for de-fendant appeared in court and requested to have the jury re-called, and trial reopened, and that he be permitted to intro-duce his testimony. This request was by the court denied, and judgment was afterward rendered upon the verdict. The defendant below brings the case to this court for review.

The first contention is that the trial court erred in re-fusing him an extension of time within which to make and serve his case. We do not deem this question to be of any importance. The only question the plaintiff in error could have presented for review had he been enabled to perfect the case made, was the order of the court granting a new trial. If any prejudicial error was committed by that action of the court, it may be reviewed in this case, and all the rights of plaintiff in error have been preserved. The case made con-tains all the proceedings had and evidence introduced on the first trial, and the petition in error, specifically alleges, as one of the assignments of error, that the trial court erred in granting the new trial, and with this state of the record the plaintiff in error has lost no rights by the failure of the judge to extend the time for making a case. Counsel has failed

to make it apparent to this court that the trial court erred in sustaining the motion for new trial. The motion was upon two grounds, one of which was "Because said verdict is contrary to the evidence," which is equivalent to the statutory ground for new trial, "That the verdict is not sustained by sufficient evidence." The alleged alterations of the notes was .a controverted question of fact, and the evidence was conflicting. The verdict of the jury was for the defendant. Unless this met the approval and concurrence of the trial judge, it was his duty to set it aside and order a new trial. Appellate courts will, in the absence of an affirmative showing that the trial court was wrong, presume that it acted correctly. Where the evidence is conflicting upon a material question, and the trial court sets aside the verdict of the jury, this court will not interfere. The rule in such cases is the reverse in the trial court to what it is in the appellate court. The trial court should set aside the verdict of a jury unless it is satisfied that substantial justice has been done. The appellate court should not set aside a verdict of a jury unless it is manifest that injustice has been done. Nothing appearing to show that the trial court commited any error in setting aside the first verdict, the plaintiff in error has lost no rights by his failure to appeal from that order.

Mr. Justice Valentine, of the Kansas supreme court, in the case of the *City of Sedan v. Church*, 29 Kan. 190, in discussing the rights of parties under the statutes which we afterwards adopted and which permits an appeal from an order granting a new trial, very appropriately said:

"Trial courts are invested with a very large and extended discretion in the granting of new trials and new trials ought to be granted whenever in the opinion of the trial court

the party asking for the new trial has not in all probability obtained or received substantial justice, although it might be difficult for the trial court or the parties to state the grounds for such new trial upon paper so plainly that the supreme court could understand them as well as the trial court, and the parties themselves understood them. And generally where the trial court grants a new trial to one party, it would be best for the other party, if he supposes he has a reasonably good case, to rely upon the new trial and the verdict or finding to be obtained at the new trial, in preference to immediately taking the case to the supreme court, for unless the supreme court can see beyond all reasonable doubt that the trial court has manifestly and materially erred with reference to some pure, simple and unmixed question of law, and that except for such error the ruling of the trial court would not have been made as it was made, and that it ought not to have been so made, the supreme court will not reverse the order of the trial court granting the new trial. * * *. The supreme court will very seldom and very reluctantly reverse a decision or order of the trial court which grants a new trial. A much stronger case for reversal must be made where the new trial is granted than where it is refused."

The next contention is that the trial court erred in taking the case up and proceeding to trial in the absence of the defendant and his counsel. The plaintiff in error supported his motion for new trial by the affidavit of his counsel, from which it appears that two or three other cases were on the calendar for trial on the day this case was tried, and were ahead of this case in their order, and that the court, without notice to him, skipped two of these cases and called the case at bar, and his contention is that it was an irregularity in the proceedings and abuse of discretion by which he was prevented from having a fair trial. In support of his position he cites section 4204, Stat. 1893; "The trial of an issue of

fact and the assessment of damages in any case shall be in the order in which they are placed on the trial docket, unless by the consent of the parties or the order of the court they are continued or placed at the heel of the docket, unless the court in its discretion, shall otherwise direct. The court may in its discretion, hear at any time a motion, and may by rule prescribe the time for hearing motions." This statute simply prescribes an order of business, and leaves the whole matter subject to the discretion of the court. Its provisions are not intended to be mandatory, and the trial court is vested with full power within its discretion to try causes in such order as it shall direct, having in view the best interests of the public and the economical and speedy dispatch of the business before the court.

The defendant in the case at bar knew his case was upon the calendar for trial that day; he knew it was liable to be called at any time one of the other cases were not on trial; the ones preceding his might be continued, judgment rendered *pro forma* by agreement, dismissed or passed by consent of parties, all of which might be done in a moment's time. It was his duty to be in court and remain there until his case was called, unless excused by the court. It is the usual and customary practice for counsel in causes on call to either remain in court or to get leave of absence from the court either for a definite time or until called. The defendant in this case offers no reasonable excuse for his absence. His counsel had been in court and left without asking to be excused or procuring permission. He was a business man, engaged in commercial business within three blocks of the court house; his business at the store was more important to him than his case in court, and he remained at his store. His counsel left

Linderman v. Nolan.

the court room without calling the attention of the court to his purpose and went to notify his client to be prepared to leave his store when called, all of which shows that it was their purpose to let the public business await their convenience and give them time to get ready after the case was reached in its order. While courts do frequently, and we may say do ordinarily, have counsel notified or called when a case is reached for trial, this is done as a courtesy and not as a duty, and it is no abuse of discretion for a trial court to call a case which stands on the day's calendar for trial and proceed with the trial, even though the defendant or his counsel is absent, where no request is made to postpone the cause and no permission to be absent has been given by the court.

We find no prejudicial error in the record. The judgment of the district court is affirmed at the costs of the plaintiff in error.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.