## CHERRY v. MILAM et al.

No. 5944—Opinion Filed Oct. 9, 1917.

(168 Pac. 241.)

**1. New Trial—Grounds—Laches.**

The laches of a party is no ground for a new trial.

**2. Trial—Order of Trial—Discretion of Court.**

"The statute prescribing the order of trial of cases upon the trial calendar is not mandatory, but vests large discretion in the trial court to dispose of the causes in such order as will most economically and speedily dispose of the business before the court."

(Syllabus by Bleakmore, C.)

Error from District Court, Okmulgee County; Ernest B. Hughes, Judge.

Suit by A. M. Milam, as guardian of Sarah C. Smith, a minor, against J. A. Roper, Hannah Roper, and Annie Grayson. Judgment for plaintiff, demurrer to petition of Annie Grayson for new trial sustained, and petitioner brought error. On death of petitioner, the proceeding in error was revived in the name Robert Cherry, her sole heir, as plaintiff in error. Affirmed.

Orlando Swain, for plaintiff in error.

Herbert E. Smith, for defendant in error Milam.

E. M. Carter, for defendants in error Roper.

Opinion by BLEAKMORE, C. On December 19, 1911, A. M. Milam, guardian of Sarah C. Smith, a minor, commenced suit against J. A. Roper, Hannah Roper, and Annie Grayson to recover on a promissory note of date June 21, 1910, executed by J. A. Roper to Steve Grayson, the then guardian of such minor, and to foreclose a mortgage securing the same upon a lot in the city of Okmulgee, signed by J. A. and Hannah Roper. In the petition it was also alleged that Annie Grayson claimed an interest in the mortgaged realty under a deed of November 18, 1911, from Steve Grayson. All three defendants answered jointly by unverified general denial. On March 13, 1912, judgment was rendered for plaintiff. After the term, on July 5, 1912, by virtue of section 5037, Rev. Laws 1910, Annie Grayson applied for a new trial, and in her amended petition therefor alleged:

"(3) That said cause was assigned for trial in this court by the clerk of this court upon the trial docket for the 11th day of March, 1912, as will more fully appear, by the records of this court in this cause, by the court calendar and regular assignment of cases made and published by the clerk of this court. That on said 11th day of March, 1912, this defendant was present in court with her attorneys. That said cause was not called for trial on said date, nor was any order of this court made further assigning said cause for trial on a day certain, nor was said cause continued by agreement or by any order of this court to said 13th day of March, or any other date, nor was said cause ever set for trial by this court on the said 13th day of March. That said cause was called up for trial by the plaintiff herein in the absence of this defendant and in the absence of her attorneys, and that neither this defendant nor her attorneys had any notice or knowledge that said cause would be for trial on said date. That in the absence of this defendant and of

her attorneys said decree was entered, and this defendant had no opportunity to be present and to make her defense to said action. That, if this defendant or her attorneys had had any notice or knowledge that said cause would be for trial on said date, this defendant and her attorneys would have been present and made her defense, and said decree would not have been entered against her and against her property. That this defendant has a just and meritorious defense to said action of the plaintiff, as will more fully appear hereafter. That this defendant and her attorneys did not learn that a decree had been entered against her in this cause until long afterwards. That this defendant was unavoidably absent on said date. That this defendant has been ready and willing at all times to appear in said cause and make her defense to said action, and would have been present on the said 13th day of March, 1912, had she or her attorneys known that said cause would be tried on said date."

She further pleaded as a defense to plaintiff's cause of action that she was the owner in her own right of the mortgaged property, having purchased the same with her separate funds in 1903, but that the deed therefor, without her knowledge or consent, was executed to her then husband, Steve Grayson, of which she did not learn until long thereafter; that she erected valuable improvements thereon and has continuously occupied the premises since said purchase; that in 1904 her husband abandoned her, and in January, 1909, she obtained a divorce from him; that on November 18, 1909, Steve Grayson executed a deed of conveyance of said premises to J. A. Roper; that both Roper and Grayson knew that she was the owner and occupant of the premises, and such conveyance was executed and accepted for the purpose of defrauding her; that the deed from Steve Grayson to Roper and the mortgage sought to be foreclosed from Roper to him, as guardian of the minor, Sarah C. Smith, was void, for the reason that neither had title or had been in the possession or taken the rents and profits thereof, etc.

Demurrer to the petition for new trial was sustained, and petitioner has appealed.

Since perfecting the appeal, Annie Grayson died, and the cause has been revived in the name of Robert Cherry, her sole heir, as plaintiff in error.

We are of opinion that the ruling of the trial court was correct. The petition in the original cause declared on the note and mortgage executed by the Ropers, and alleged that Annie Grayson claimed some interest in the premises under a deed from Steve Grayson dated subsequent to such mortgage. Her unverified answer by way of general denial, which was tantamount to an admission that she claimed no interest in the mortgaged property by virtue of such deed, did not serve to put in issue the execution of the instruments upon which the action was founded; and, had she been present at the trial, she could not, under the pleadings, have properly adduced evidence to establish the defense attempted to be set forth in her petition for new trial. It is obvious that every fact relative to her alleged equitable title to the mortgaged premises was as well known to her at the time she answered by general denial as when she applied for a new trial, and the fact that the matter which she now asserts constitutes a defense to the cause of action alleged in the original proceeding was not considered was due entirely to her own laches.

Clearly there was no issue of fact presented by the pleadings in the original cause requiring determination by the verdict of a jury or its legal equivalent. "Where an action is founded on a written instrument, and the petition sets forth the same in full, an answer not verified does not put in issue the execution of such written instrument, and there is no necessity for proving the same on the trial." Owen v. United States Surety Co., 38 Okla. 123, 131 Pac. 1091. In the state of the record, if a petition for a new trial was proper (Chivers v. Board of County Com'rs, 62 Okla. 2, 161 Pac. 822, L. R. A. 1917B, 1296), the trial court rightly exercised its discretion in denying the same. "When unavoidable casualty or misfortune is alleged, the facts must be so stated as to make it appear that no reasonable or proper diligence or care could have prevented the trial or judgment; that is, that the party complaining is not himself guilty of any laches." Lindsey et al. v. Goodman et al., 57 Okla. 408, 157 Pac. 344.

If, although not specifically alleged, it may be reasonably inferred from the petition for new trial that the original cause was called and determined out of its regular order, yet, under the circumstances, the action of the trial court in this respect cannot be regarded as an abuse of its discretion, and therefore affords no ground for a new trial. "The statute prescribing the order of trial of cases upon the trial calendar is not mandatory, but vests large discretion in the trial court to dispose of the causes in such order as will most economically and speedily dispose of the business before the court." Linderman v. Nolan, 16 Okla. 352, 83 Pac. 796. "In the calling and setting or resetting of

cases for trial, a trial judge must of necessity be vested with a reasonable scope of discretion, and a judgment will not be reversed because the court of its own motion set a case for trial at a later date than that on which it was set by the clerk of the court in making up its trial docket, nor because the court may have, of its own motion reset such case for a later date in the term, where no abuse of discretion is shown."

It follows that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.