## HUGHES v. OWL OIL CO.

Nos. 33139, 33140. June 29, 1948.

Rehearing Denied Sept. 14, 1948.

*197 P. 2d 292.*

Harold E. Rorschach, of Tulsa, Jack L. Rorschach, of Vinita, and Harold C. Harper, of Tulsa, for plaintiff in error.

John E. Curran, of Tulsa, and E. A. Simpson, of Amarillo, Tex., for defendant in error.

LUTTRELL, J. On January 22, 1944, plaintiff, C. W. Hughes, commenced an action against the defendant, Owl Oil Company, in the district court of Tulsa county. In his petition he alleged that defendant was a corporation organized under the laws of the State of Texas, with its principal office and place of business at Amarillo, Tex., and that it had transacted business in the State of Oklahoma without qualifying to transact such business, as required by the laws of this state. Summons issued directing the sheriff of Oklahoma county to notify Owl Oil Company of Amarillo, Tex., by serving the Secretary of State of the State of Oklahoma, that it had been sued by plaintiff, which summons was served on the Secretary of State. Thereafter, on November 26, 1945, plaintiff took a default judgment against defendant. On April 30, 1946, Otis L. Williams, M. R. Williams, and W. W. Woolsey, as trustees under the laws of the State of Texas for Owl Oil Company, filed a petition to vacate and set aside the judgment on the ground that the corporation had been dissolved on the 31st day of December, 1943; that petitioners were the trustees for said dissolved corporation under the laws of the State of Texas; that neither petitioners nor said corporation had any notice of the filing of this action, and that their failure to appear and defend the action was due to unavoidable casualty and misfortune. They further pleaded that plaintiff had filed a suit on the same cause of action against the corporation in the Federal court of Texas, in which action judgment had been rendered for defendant, and that same was a sufficient defense to the present action. Upon a hearing the trial court set aside and vacated the default judgment. Plaintiff appeals separately from the denial of his motion for con-

tinuance and from the order vacating the judgment.

Plaintiff's first contention is that the trial court erred in overruling his motion for continuance and to strike the cause from the trial assignment. This motion was filed in the case on December 2, 1946, the day on which the petition to vacate the judgment was set for trial, and the grounds of said motion were that the cause was not included in the trial docket made up by the court clerk at least twelve days before the July, 1946, term of court, and that the trial court had not made a specific order which appeared on the journal or docket of the court setting the cause for trial on December 2, 1946, or that if such an order was made it was entered without notice and without opportunity for plaintiff to be heard with respect to the setting.

Plaintiff urges that such order is required by the provisions of 12 O.S. 1941 §§663 and 666, and that in construing these sections this court has always required that a case be set by order of the court. In support of this assertion plaintiff cites Missouri, O. & G. Ry. Co. v. Vandivere, 42 Okla. 427, 141 P. 799; Cherry v. Milam, 66 Okla. 162, 168 P. 241; Eagle Loan & Investment Co. v. Turner, 113 Okla. 251, 241 P. 138, and Colley v. Sapp. 90 Okla. 139, 216 P. 454. Examination of these cases discloses that while in the Vandivere case the opinion shows that the trial court on its own motion set the case for trial, and that in Eagle Loan & Investment Co. v. Turner an entry was made upon the appearance docket assigning the cause to be tried, there is nothing in the cited cases to indicate that this court has construed those statutes as imposing upon the trial court a mandatory duty to make a specific order setting each case upon the docket for trial. The statutes themselves, in our opinion, are not susceptible of such construction, but place upon the court clerk the duty of setting cases for trial subject, of course, to the right of the trial court to change the order in which they may be tried or the time of trial of any of them, either upon his own motion or upon a specific showing that such change is necessary or desirable.

In the instant case it is conceded that the attorney for petitioners, after the issues had been made up for more than the statutory length of time, filed with the court clerk a request that the matter be set for trial on the nonjury docket; that prior to the making of such request he talked to one of the attorneys for plaintiff and had what amounted to an agreement that the matter might be set about that time; that he thereafter notified the said attorney by letter that the case had been set on the specific date, and that no objection to that setting was made. This letter was dated November 6, 1946. Also it was stipulated by plaintiff's attorney that notice of the setting was published in the Tulsa Daily Legal News, the paper in which dockets set were customarily published, beginning with the issue of November 7, 1946, and continuing in each issue until November 30, 1946. The motion filed by plaintiff did not allege or set forth any prejudice of any kind to plaintiff by reason of the setting, or that plaintiff for any reason could not properly prepare his case for trial on that date. Nor was it shown at the trial that any prejudice resulted to plaintiff from such setting.

In Missouri, O. & G. Ry. Co. v. Vandivere, supra, we held that a judgment would not be reversed merely upon the contention that the trial docket was not made out as required by law, when it did not appear from the record that such contention was true, or that the complaining party was substantially prejudiced thereby if the contention were true.

In Gill v. Meis, 158 Okla. 154, 12 P. 2d 692, we held that if the statutes above mentioned had not been complied with in the setting of cases the judgment could be set aside "unless such aggrieved person had actual notice of

the trial in time to appear and defend or prosecute his case", citing Nation v. Savely, 127 Okla. 117, 260 P. 32, and McKinney v. Swift, 135 Okla. 164, 274 P. 659.

Examination of the record in this case discloses that plaintiff failed to establish that the setting of the case for trial was not made in compliance with the statutory provisions above referred to, and wholly failed to establish that any prejudice resulted to him from the setting. It also affirmatively appears that his attorneys had actual notice of the setting of the case in ample time to enable them to prepare for trial. It follows that this contention of plaintiff may not be sustained.

Plaintiff also asserts that the matter was a jury case and that he did not waive a jury. In this respect the record discloses that in the written notice of the setting of the case for trial given to plaintiff's attorney by the attorneys for petitioners, attention was called to the fact that the case was placed on the nonjury docket, and that if plaintiff's attorney was not in agreement that the case should be set on the nonjury docket, the attorneys for petitioners would like to talk the matter over with him; that plaintiff's attorney made no objection to the setting on the nonjury docket, and that in a statement to the court during the trial of the case plaintiff's attorney made the following statement:

"I think that this court is now sitting in what we would think of as an equity court, and any matters that are addressed in the way of setting aside this judgment would be addressed to the discretion of the court sitting as an equitable court, . . ."

It therefore appears that plaintiff, by appearing without objection and participating in the hearing as an equitable proceeding, may not now contend that he was entitled to a jury trial.

Plaintiff also contends that the petitioners did not establish unavoidable casualty and misfortune preventing them from resisting said action at the time plaintiff obtained a judgment. The record shows that petitioners introduced in evidence a certificate of the Secretary of State of the State of Texas showing that Owl Oil Corporation, which it is not disputed was sued by plaintiff as Owl Oil Company, was dissolved on December 31, 1943, in accordance with the laws of the State of Texas, and that petitioners were the officers and directors and principal stockholders of the company at the time of its dissolution. They also established that when plaintiff brought this action he caused a summons to be issued in which it was stated that the Owl Oil Company was a Texas corporation, with its offices at Amarillo, Tex., and that he caused such summons to be served upon the Secretary of State of the State of Oklahoma; that said summons was by the Secretary of State mailed to an Oklahoma corporation of the same name, and was returned by that corporation to the Secretary of State, and that the Secretary of State made no further effort to notify Owl Oil Company, or to transmit the summons or a copy thereof to its office at Amarillo, Tex. Petitioners also introduced in evidence the files of an action upon the same cause of action filed against Owl Oil Company in the Federal court of the State of Texas by plaintiff prior to the time he brought this action, and the rendition of judgment for defendant in such action. Plaintiff does not contend that any notice of any kind was given to or received by the Owl Oil Corporation, or petitioners, save and except the summon above mentioned.

We are of opinion that under the facts and circumstances above set forth, the evidence sufficiently established that the failure of petitioners to appear and defend the action brought by plaintiff was not due to their fault, but was due to unavoidable casualty and misfortune.

In Great American Insurance Co. v. Farmers Warehouse Co., 91 Okla. 118, 217 P. 208, we held that a dissolved

corporation was legally dead, and that its dissolution operated the same as the death of an individual; that all legal proceedings then pending against it were suspended unless otherwise provided by statute, and that it was without power to take any action of any kind. To the same effect is Oklahoma Natural Gas Co. v. McFarland, 143 Okla. 252, 288 P. 468.

By 18 O.S. 1941 §163, it is provided that in case any domestic or foreign corporation shall have its charter canceled, or has been dissolved, it shall be lawful to serve such corporation, its officers, directors, or trustees, by service upon the Secretary of State, and that in such case it shall be the duty of the Secretary of State, within two days after such service, to notify such corporation thereof by letter at its offices as shown by its articles of incorporation, in which letter shall be enclosed a copy of the process or other papers served. While in the instant case no articles of incorporation had been filed by the Owl Oil Corporation with the Secretary of State of Oklahoma, it does not appear that the Secretary was advised that the corporation had been dissolved, and that in making no further effort to advise it of the service of summons the Secretary followed the opinion of this court in Geo. O. Richardson Machine Co. v. Scott, 122 Okla. 125, 251 P. 482. However, in that case the corporation had not been dissolved, but was in existence, and the fact that it was doing business in the State of Oklahoma without an appointment of an agent for service as provided by law was not disputed. Here, although there was no evidence produced that it was, or was not doing business in the state, petitioners denied under oath that they had ever engaged in any business in the State of Oklahoma. It also appears from the pleadings and judgment in the case brought by plaintiff in the Federal court in the State of Texas that petitioners had a meritorious defense in the nature of res judicata due to such former adjudication in their favor.

In State Life Insurance Co. v. Liddell, 178 Okla. 114, 61 P. 2d 1075, we said that an application to set aside a default judgment after the term at which it was rendered was addressed to the sound legal discretion of the trial court, which discretion seldom would be interfered with on appeal, and that such discretion should always be exercised to promote the ends of justice. We restated this rule in Parker v. Board of County Commissioners of Okmulgee County, 187 Okla. 308, 102 P. 2d 880, and in Fellows v. Owens, 178 Okla. 224, 62 P. 2d 1215.

When we consider the fact that the defendant corporation had been dissolved prior to the bringing of the action; that although the summons issued plainly showed its principal place of business to be in Amarillo, Tex., no effort of any kind was made to serve it in Texas; that petitioners were wholly without knowledge of the bringing of the action; that they had a meritorious defense, and that petitioners filed a petition to vacate as soon as they learned that the judgment had been rendered, we think it reasonably apparent that the trial court did not abuse its discretion in vacating the judgment, and that by such action on its part the ends of justice were promoted.

In Haskell v. Cutler, 188 Okla. 239, 108 P. 2d 146, we reaffirmed our previous holding that a default judgment is not favored, and that it is the policy of the law to afford each party to an action a fair opportunity to present his side of the cause. The record here discloses no negligence on the part of petitioners, but that without fault on their part they were unable to present their side of the case prior to the filing of their petition.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and WELCH, CORN, GIBSON, and ARNOLD, JJ., concur.

Rehearing Denied Sept. 14, 1948.