## KINNEY v. WILLIAMS.

No. 7964—Opinion Filed Oct. 9, 1917.

(168 Pac. 196.)

**1. Appeal and Error—Verdict—Review.**

In the absence of an affirmative showing of prejudicial error of law, in the trial of an action at law, the verdict of a jury, reasonably supported by the evidence, will not be disturbed on appeal.

**2. Appeal and Error—Instructions—Reservation of Grounds of Review.**

In order to bring up for review to this court the instructions of the court, exceptions thereto must be saved in the manner prescribed by statute, and the error in giving the same must be assigned in the motion for new trial and in the petition in error.

**3. Breach of Contract—Measure of Damages.**

Section 2852, Rev. Laws Okla. 1910, provides: "For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. No damages can be recovered for a breach of contract, which are not clearly ascertainable in both their nature and origin."

(Syllabus by Galbraith, C.)

Error from County Court, Pittsburg County; S. A. Brown, Judge.

Action by G. W. Williams against P. W. Kinney. Judgment for plaintiff, and defendant brings error. Affirmed.

Latham & Tucker, for plaintiff in error.

H. B. Milner, for defendant in error.

Opinion by GALBRAITH, C. This was an action for damages alleged to have accrued by reason of the breach of warranty in the sale of two oil tanks. The plaintiff in error was the vendor and the defendant, and the defendant in error was the vendee and plaintiff in the trial court. There was a trial to the court and a jury and a verdict returned in favor of the plaintiff in the sum of $230. Upon the overruling of the motion for a new trial judgment was rendered for

the amount of the verdict and for the costs. To review which this appeal has been perfected. The facts, briefly stated, are as follows:

Kinney, the plaintiff in error, was a sheet metal worker, living at McAlester, Pittsburg county. In December, 1913, Williams, who desired to go into the oil distributing business at Lehigh, in Coal county, entered into a contract with Kinney to build him two metal tanks, of the capacity of 65 barrels each; these when completed were to be conveyed to Lehigh and erected for use there. The contract price of the tanks was $130. They were completed, paid for, and accepted by the purchaser, but before accepting the tanks the purchaser received from the vendor a written guarantee, reading as follows:

"This certifies that P. W. Kinney has guaranteed two oil tanks to G. W. Williams that was made by P. W. Kinney to be in good service and condition, and furthermore guarantees the tanks not to leak, and if so will fix them without extra charge to the owner, G. W. Williams."

It was charged in the petition, and supported by the evidence, that the tanks, shortly after they were erected and placed in use, developed leaks from which oil was wasted, and one of them, after the vendor had been notified and a helper had been sent to stop the leaks, broke open and oil ran down to the ground in a large stream, and 1,000 or 1,200 gallons were lost. Again it is contended on behalf of the plaintiff that owing to the defective construction of the top of the tanks water entered the tanks and mingled with the oil, and rendered much of it unsalable, and he was forced to throw it away, and that because of the water being in the oil it became unmerchantable, and he lost his trade, and his business was injured and ruined. It is contended on behalf of the defendant that the tanks were constructed from good material, and were built in a workmanlike manner, and that they were the perfect products of workmanship, and that if they leaked after being placed in use, it was due entirely to the fault of the purchaser by reason of the faulty construction of the platform upon which they were placed for use.

The assignments of error set out in the petition in error are two, namely:

"First. The court committed error in overruling the motion for a new trial filed by plaintiff in error.

"Second. The court committed error in giving that part of his instruction to the jury contained on page 60 of the transcript,

and to which exceptions of plaintiff in error were noted at the time."

We find by reference to the motion for new trial that one ground only is set out therein, namely, that "the verdict is not sustained by sufficient evidence, and is contrary to law."

An examination of the testimony discloses that there is testimony to support the verdict of the jury. It is true that all of the testimony as to the amount of damage sustained is controverted, but this testimony raised issues of fact that were for the determination of the jury, and its finding being supported by the evidence, in the absence of prejudicial errors of law, is conclusive upon this appeal. The record fails to disclose that any proper exception was saved to the instructions of the court referred to by the second assignment of error, as required by section 5003, Rev. Laws 1910 (A. B. Farquhar Co., Limited, v. Sherman et al., 22 Okla. 17, 97 Pac. 565), and therefore this assignment presents no question for review.

This leaves but one assignment for consideration; that is, the one set out in the motion for a new trial, and in the first paragraph of the petition in error, namely, that the verdict is not sustained by sufficient evidence, and is contrary to law. There is evidence tending to support the verdict, and the same does not seem to be contrary to law. The guaranty given by the vendor to the vendee was that the tanks were "to be in good service and condition." If the tanks leaked there was a breach of this guaranty. The fact that the tanks did leak is not denied by any witness. There was a sharp conflict in the testimony as to what caused the leak, whether it was due to defects in the construction of the tanks or a faulty construction of the platform on which they were placed by the vendee. This was an issue of fact that was properly submitted to the jury, and its finding being supported by the evidence and the law is binding on this appeal.

The rule for the measure of damages for breach of an obligation arising from contract is prescribed by statute, and is set out in section 2852, Rev. Laws 1910, as follows:

"For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. No damages can be recovered for a breach of contract, which are not clearly ascertainable in both their nature and origin."

A late case in which this court made application of the above rule, and approved the amount of damages recovered in an action arising out of the breach of an obligation of a contract, is Dickerson et al. v. Incorporated Town of Eldorado, 64 Okla. 142, 166 Pac. 708.

The application of the rule to the instant case sustains the judgment entered in the court below. It therefore follows that the same should be affirmed.

By the Court: It is so ordered.