## HUDSON et al. v. JOHNSON et al.

No. 10599—Opinion Filed July 11, 1922.

Rehearing Denied Sept. 26, 1922.

(Syllabus.)

### 1. Indians—Lands—Validity of Deeds.

Where a half-blood Creek Indian executed a warranty deed to her surplus allotment on January 25, 1905, said deed having been executed in violation of sec. 16 of the Supplemental Creek Agreement, 32 Stat. at L. 500, is void.

### 2. Same.

Where a half-blood Creek Indian, prior to the act of Congress of April 26, 1906, entered into an agreement for the sale of her surplus allotment, which was restricted at the time, and by the terms of said agreement agreed to convey said land as soon as the restrictions upon alienation were re-

moved, and pursuant to said agreement did on August 9, 1907, execute a deed for said land, without any additional consideration, held, that such deed is void.

### 3. Appeal and Error—Failure to Argue Error in Brief.

Assignments of error not argued in the brief of plaintiff in error will be treated as abandoned.

Error from Superior Court, Tulsa County; M. A. Breckenridge, Judge.

Action by Ruth Johnson and others against Willie L. Hudson and others for recovery of land, etc. Judgment for plaintiffs, and defendants bring error. Affirmed.

Biddison & Campbell, for plaintiffs in error.

Jas. H. Sykes and E. G. Wilson, for defendants in error.

NICHOLSON, J. This action was instituted by the defendants in error, plaintiffs below, against the plaintiffs in error, defendants below, to recover the possession of certain land in Tulsa county, for rents and profits thereon, and for the cancellation of certain deeds thereto.

The material allegations of the petition are, in substance, that the plaintiff Ruth Johnson was a half-blood citizen of the Creek Nation; that the land in controversy was her surplus allotment; that on the 25th day of January, 1905, she executed and delivered to Burrell C. Hudson a warranty deed purporting to convey said land to him for an alleged consideration therein mentioned of the sum of $2,100; that said deed was executed before her restrictions upon alienation had been removed and before she had a right to convey said land; that afterwards, and on the 9th day of August, 1907, for no additional consideration, but for the sole purpose of ratifying and making effective the deed of January 25, 1905, she executed a second deed to said Burrell C. Hudson, purporting to convey said land to him; that said deeds were both executed in violation of law and are therefore void; that said Burrell C. Hudson died intestate on the 29th day of January, 1911, leaving surviving him as his sole heirs at law the defendant Willie L. Hudson, his widow, and Ruby L. Hudson, Opal May Hudson, Lizzie B. Hudson, William Gerald Hudson, and Harold J. Hudson, minors, his children; that the said defendants Anna Anthony and W. A. Hudson claim some interest in and to said lands adverse to the claim and interest of the plaintiffs, the exact nature and character of which is unknown to the plaintiffs, but that such interest, if any, is sub-

ject to and inferior to the claim and interest of the plaintiffs; that the defendants are wrongfully in possession of the land, and are wrongfully retaining the same from the plaintiff Ruth Johnson.

The substance of the answer, in addition to a general denial, is that the land in controversy was the surplus allotment of Ruth Johnson; that on the 9th day of August, 1907, she, joined by her husband, executed and delivered to Burrell C. Hudson, the husband and father of the defendants, a warranty deed, for a valuable consideration, and thereby sold and conveyed said land to Burrell C. Hudson, and that he thereby became the owner of said land; that he immediately took possession of said land and remained in possession thereof until his death in January, 1911, and that the defendants have been in the open and adverse possession ever since.

The defendants further pleaded the statute of limitation of Arkansas which was in force in the Indian Territory at the time of the execution of the deed. The defendants Annie Anthony and W. A. Hudson filed answer and cross-petition, claiming that Burrell C. Hudson held an interest in said land in trust for them, but that question is not involved in this appeal.

The case was tried to the court without a jury on the 12th day of March, 1918, and taken under advisement until the 8th day of January, 1919, when judgment was rendered for the plaintiffs for the possession of said land and canceling the conveyances to Burrell C. Hudson.

It cannot be questioned but that the deed of January 25, 1905, was void, having been executed in violation of section 16 of the Supplemental Creek Agreement, approved by act of Congress of June 30, 1902, and effective by proclamation of the President on August 8, 1902, 32 Stat. at L. page 500, and the only question for determination is whether or not the deed of August 9, 1907, is also void because executed in violation of section 19 of the act of Congress of April 26, 1906, 34 Stat. at L. 137, which provides that:

"Every deed executed before or for the making of which a contract or agreement was entered into before the removal of restrictions be and the same is hereby declared void."

The restrictions upon alienation had expired before this deed was executed, so the deed was not invalid unless made in accordance with a contract or agreement entered into before the removal of restrictions.

The trial court found that at the time of the execution of the deed on January 25, 1905, there was an understanding and agreement between the plaintiffs and Burrell C. Hudson that the plaintiff Ruth Johnson would execute and deliver to said Burrell C. Hudson another deed to said land as soon as the restrictions upon alienation should be removed, and that the deed of August 9, 1907, was executed and delivered pursuant to said understanding and agreement and without the payment to the plaintiff of any additional consideration therefor. If this finding and the judgment of the court is sustained by the evidence, the judgment must be affirmed.

The plaintiffs were not permitted to testify as to the transactions between themselves and Burrell C. Hudson because of the provisions of section 5049, Rev. Laws 1910, which prohibited them from testifying, but G. L. Anthony, a witness for them, testified that he had a conversation with Burrell C. Hudson a few days after the execution of the deed of August 9, 1907, in which the witness asked Hudson if he paid Mrs. Johnson any money for the deed, and Hudson replied: "Not a penny."

Lydia Perryman, a sister of the plaintiff Ruth Johnson, testified that she was at the home of Ruth Johnson on August 9, 1907, when the deed of that date was executed; that when Hudson came in he said: "Ruth, I have brought those deeds out for you to sign; you agreed to sign them as soon as the restrictions were removed." She further testified that Hudson did not pay Mrs. Johnson any money at that time, but when Mrs. Johnson asked him if there was any more to be paid he replied that "He would pay it after awhile, as he had it to do, and he would pay her." The witness further testified that Mrs. Johnson had agreed to execute to Hudson another deed from the first one and he wanted her to sign this other deed. No evidence was offered on behalf of the defendants tending to prove the payment of any consideration for the deed of August 9, 1907, and no attempt was made to disprove that an agreement for the sale of the land was made prior to the removal of restrictions.

While the testimony of the witnesses for the plaintiffs as to the statements made by Burrell C. Hudson are of very little probative value, yet one cannot read the record and arrive at any other conclusion than that at the time of the execution of the deed of January 25, 1905, there was an agreement between the parties that Ruth Johnson would execute and deliver to Bur-

rell C. Hudson another deed to the land in controversy as soon as the restrictions upon alienation thereof were removed, and that the deed of August 9, 1907, the next day after the restrictions were removed, was executed in furtherance of such agreement and for the purpose of ratifying the deed of January 25, 1905. This being true, the deed of August 9, 1907, is void, and the trial court was right in so holding. Johnston v. Burnett, 81 Okla. 294, 198 Pac. 489.

The assignments of error which involve the question of the statute of limitation are not discussed in the brief of the plaintiffs in error, hence will be treated as abandoned.

The judgment of the trial court is affirmed.

JOHNSON, McNEILL, MILLER, ELTING, and KENNAMER, JJ., concur.