**SAND SPRINGS RAILWAY CO. v. WEST-HAFER.**

No.11558—Opinion Filed July 17, 1923.

Rehearing Denied Sept. 18, 1923.

**1. Carriers—Carriers of Passengers—Care Required—Negligence.**

It is the plain statutory duty of a carrier of persons for reward to use the utmost care and diligence for their safe carriage, and it must provide everything necessary for that purpose and must exercise to that end a reasonable degree of skill, and it is bound to provide vehicles safe and fit for the purpose for which they are used, and is not excused for default in this respect by any degree of care, and in the instant case when the plaintiff presented proof of the facts and failure on part of the company to discharge its plain statutory duty in this respect, as defined by the statute, a prima facie case was made of negligence on part of the carrier and raised a presumption of negligence, and the burden is upon the carrier to overcome such presumption to the satisfaction of the jury.

**2. Same—Collision—Defective Headlight—Negligence Per Se.**

Where plaintiff's petition alleges that she was a passenger on board an electric car, having paid her fare, which car was being operated by the servants, agents, and employes of the company upon a single track railroad, which was also being used by the company for the operation of steam locomotives and freight cars, and that the car upon which she was riding was being run at a rapid rate of speed through the darkness with a defective headlight, and a collision occurred, in which plaintiff suffered material injuries, it was sufficient to relieve the plaintiff of being held to the one specific act of negligence of the defective headlight for her recovery in this case, as she was entitled to be carried safely to her destination, for which she had paid her fare, and the operation of the car upon which she was riding, under those conditions, was negligence per se.

**3. Negligence—Violation of Public Duty.**

The general rule is that the violation of a public duty enjoined by law for the protection of personal property constitutes negligence per se, and where the circumstances of the case are such that the standard of duty is fixed and defined by law and is the same under all circumstances, the omission of this duty is negligence.

**4. Appeal and Error—Harmless Error—Instructions.**

Although an instruction given may misstate the law, if others are given which, when taken together with the improper one, make it apparent that the jury was not misled thereby, the same will not constitute reversible error, and where it appears from the evidence that a verdict is so clearly right, that, had it been different, the court should have set it aside, such verdict will not be disturbed merely for the reason that there is error found in the instructions.

**5. Same.**

Where a judgment is rendered and from an examination of the entire record it appears that the instructions to the jury, complained of, and requested instructions, refused, have probably not resulted in a miscarriage of justice, nor constitute a substantial violation of a constitutional or statutory right, this court is powerless to reverse such judgment.

**6. Appeal and Error—Necessity for Exceptions—Instructions.**

Where a party fails to reserve an exception to the refusal of the court to give an instruction requested in charge to the jury, an assignment of error predicated upon the refusal of the court to give the instructions requested will not be reviewed by this court.

**7. Carriers—Injury to Passengers—Damages—Excessiveness.**

In an action for personal injury the jury is charged with the duty to fix the amount of damages, and its verdict will not be set aside for excessive damages, unless it clearly appears that the jury committed some gross and palpable error or acted under some improper bias, influence, or prejudice, or has totally mistaken the rules of law by which the amount of damage is fixed. Held, that in the instant case the damages fixed by the jury are not excessive for the substantial injury suffered by plaintiff in this action.

**8. Same—Appeal—Affirmance.**

The whole record examined, and the judgment of the court being so clearly just, this court will not disturb the same on appeal.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No 5.

Error from District Court, Tulsa County: Owen Owen, Judge.

Action by Daisy Westhafer against Sand Springs Railway Company, a corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

Stuart, Cruce & Bland, Paul P. Pinkerton, and E. J. Doerner, for plaintiff in error.

Chas. B. Rogers, for defendant in error.

Opinion by THOMPSON, C.   This action was commenced by Daisy Westhafer, defendant in error, plaintiff below, against the Sand Springs Railway Company, a corporation, plaintiff in error, defendant below, filing her petition in the district court in and for Tulsa county, on the 27th day of

December, 1917. The parties will be re-
ferred to as plaintiff and defendant, just
as they appeared in the lower court.

The petition alleges, in substance, that
plaintiff was a married woman, living in
Tulsa; that the defendant is a corporation,
engaged in the business of operating a line
of steam and electric railroad between the
cities of Tulsa and Sand Springs, Okla., and
was so engaged on the 16th day of May,
1917, and was running passenger and freight
trains on said road and line, carrying pas-
sengers and freight thereon for hire; that
on said date she was a passenger on one of
its electric coaches, running from Sand
Springs to Tulsa, having paid her fare, and
that said coach was operated by electricity,
and that near the present site of the city
waterworks of the city of Tulsa, a loco-
motive engine, being operated by defendant,
was standing upon the tract, and, in the
language of the petition, which is as fol-
lows:

"That on the night in question and at
the time and place alleged, one of said lo-
comotive engines was standing upon the
track. That after leaving Sand Springs
Park plaintiff and her husband and other
passengers aboard said car discovered that
there was a defect in the headlight of said
coach, and that the same would at intervals
cease to work and operate; that said train-
men knew of said defect and commented up-
on same, but continued to run said car, not-
withstanding said defect, along a dark track
without the headlight; that at the point
above described, while operating said car
without said headlight at a rapid rate of
speed, viz., between 10 and 15 miles an hour,
and without being able to see in advance of
said car on account of darkness any dis-
tance within which they could have safely
stopped said car in time to prevent an ac-
cident, they ran said car into the rear end
of said locomotive engine with such an im-
pact as to crush in the front vestibule of
said car and hurl said passengers therein
from their seats to the floor; that before
said shock said motorman jumped from his
position in said car to the ground and cried
out to the passengers to jump, creating a
panic in said car; and said conductor rush-
ed to the rear part of said car and advised
as he ran down said coach all passengers
remain seated, and at this juncture the im-
pact came and hurled the plaintiff bodily
against the smashed in part of the said
vestibule, she striking against an iron
rod near the rough and broken tim-
bers, bruising and maiming here and causing
nervous collapse and unconsciousness."

—after which in the petition is contained
the special injuries complained of, and then
follows an allegation of the cause of the in-
jury, as follows:

"That said injury was due to the neglect
and carelessness on the part of said em-
ployes aforesaid in driving and operating
said car, as aforesaid, and the plaintiff has
reason to believe that said injury will be
permanent in a great measure throughout
the balance of her natural life."

The petition ends with a prayer for the
recovery of the sum of $15,000 damages and
costs, to which petition the defendant filed
its answer, admitting that it is a corpor-
ation, engaged in the business of operating
a line of steam and electric railroad between
the cities of Tulsa and Sand Springs, and
was so operating said road on the 16th day
of May, 1917, by running passenger and
freight trains on said road, carrying pas-
sengers and freight for hire, and denying
each and every material matter, allegation,
and things alleged in plaintiff's petition.

Upon these issues tendered the cause was
tried to a jury on the 6th and 7th days of
January, 1920, and the jury returned its
verdict in favor of the plaintiff and against
the defendant in the sum of $5,100. Motion
for new trial was filed and overruled. Judg-
ment was rendered upon the verdict of the
jury in favor of the plaintiff and against
the defendant in the sum of $5,100, together
with interest thereon at the rate of six
per cent. per annum from the 6th day of
January, 1920, and costs, and the cause
comes to this court regularly upon appeal
from said judgment.

The brief of defendant presents only three
propositions for decision, the first being as-
signment of error No. 4, which is as follows:

"That the court erred in giving to the
jury instruction No. 7, which instruction
is as follows: 'You are further instructed
that if you find by a preponderance of the
evidence that on the night of the accident,
the plaintiff was a passenger on one of the
electric passenger cars of the Sand Springs
Railway Company, proceeding from Sand
Springs to Tulsa, Okla., and that the said
electric passenger car came into collision
with a locomotive engine on the tracks of
the Sand Springs Railway Company, and if
you find that the plaintiff was injured and
that the collision was the proximate cause,
as in these instructions defined to you, of
the injury complained of, the court instructs
you that your verdict should be for the
plaintiff and you will fix her recovery at
such sum as you find will compensate her
for the injuries received, not, however, be-
yond the sum sued for; unless you further
find, by a preponderance of the evidence
that refuse from the city of Tulsa, or other
substances, was being burned in the imme-

diate vicinity of the scene of the collision by persons other than the officers, agents, and employes of the Sand Springs Railway Company, and over whom the Sand Springs Railway Co. exercised no control and that such burning caused a large quantity of smoke, sufficient to obstruct the tracks, and any objects thereon in front of the electric passenger car and that the defendant's agent, servants and employes could not, by reason of such smoke, in the exercise of ordinary care, as herein defined to you, have avoided the accident and prevented the injury of the plaintiff and the court instructs you that the burden of establishing these facts by a preponderance of the evidence is upon the defendant.' Given and excepted to by defendant.

"Owen Owen, Judge.

"To the giving of which instructions, plaintiffs in error, at the time, excepted and had its exceptions noted of record."

The second proposition argued includes assignments of error Nos. 5, 6, 7, and 8, which are as follows:

"5. That the court erred in refusing to submit to the jury defendant's reuqested instruction No. 1, which is as sfollows: 'You are instructed that if you shall find from the evidence that the headlight was burning on the car immediately prior and at the time of the alleged accident, then your verdict should be for the defendant.' Requested by defendant and refused."

"Owen Owen, Judge.

"6. That the court erred in refusing to submit to the jury, defendant's requested instruction No. 2, which is as follows: 'You are instructed that if you find and believe from the evidence that the accident and resulting injury to plaintiff, if any, was caused by the burning of trash, smoke or other causes not under control of the defendant, then your verdict should be for the defendant.' Requested by defendant and refused

"Owen Owen, Judge.

"7. That the court erred in refusing to submit to the jury defendant's requested instruction No. 3, which is as follows: 'You are instructed that if you find and believe from the evidence that the accident, if any, and resulting injury, if any, to plaintiff was caused by other negligent acts of the defendant, such as its having a switch engine on the track, or other negligent acts, if any, still plaintiff would not be entitled to recover on account of these acts, she having alleged in her petition the failure to have a headlight burning on the car to be the sole and proximate cause of the alleged accident, and before you can find for the plaintiff you must find that there was no headlight burning at the time of the alleged accident and that defendant's failure

to have a headlight burning was the proximate cause of the injury.' Requested by defendant and refused.

"Owen Owen, Judge.

"8. That the court erred in refusing to submit to the jury defendant's requested instruction No. 4, which is as follows: 'You are instructed that plaintiff has alleged in her petition that on the night of the alleged accident the car was running without a headlight, and that the burden is on the plaintiff to prove this allegation by a fair proponderance of the evidence, and if you believe from the evidence that on the night in question and just prior to the accident alleged to have occurred and as a result of which plaintiff alleges she was injured there was no headlight burning on the car and that the failure of the defendant to have a headlight burning on the car was the proximate cause of the injury, then you should find for the plaintiff, but if you find and believe from the evidence that the accident, if any, from which plaintiff claims to have been injured, if you shall find she was injured, was caused from any other cause or causes than the failure of plaintiff to have the headlight burning, if you shall find it was not burning at the time or just prior to the accident, then your duty will be to find for the defendant.'" Requested by defendant and refused.

"Owen Owen, Judge."

The third proposition argued by defendant is that the verdict of the jury is excessive and the damages awarded appear to have been given under the influence of passion and prejudice on part of the jury.

The other assignments of error appearing in the petition in error, not having been presented or argued in brief of counsel, will be treated as abandoned upon the authority and decision of this court in case of Whitehead v. Goyette, 83 Okla. 51, 200 Pac. 850; Hudson v. Johnson, 87 Okla. 128, 209 Pac. 325, and other authorities.

The argument of counsel for defendant upon the first proposition as to error of the court in giving instruction No. 7, supra, has been arranged under three heads as follows:

"(a) Plaintiff's petition alleged specific acts of negligence, namely, a defective headlight, and contained no general allegation of negligence, therefore an instruction attempted to be given on the doctrine of res ipsa loquitur was error.

"(b) If it be admitted for sake of argument that the doctrine or res ipsa loquitur was one which could be applied under the pleadings, instruction No. 7 did not correctly state this doctrine, but, in effect,

told the jury that the carrier was insurer of its passengers.

"(c) The instruction shifts the burden of proof to the defendant, whereas even in cases where presumption of negligence exists, the main burden of proof does not shift."

And it will be necessary to review in part the allegations of plaintiff in her petition and answer of defendant, and upon close examination of the petition we find it contains the averments that the plaintiff was a passenger on board the car of defendant for hire; that the defendant was operating the railroad both by steam and electricity, having a locomotive in charge of its sevrants and employes on the same tiack with the car, which was also operated by the defendant's servants. agents, and employes at the time of the accident; that the car, upon which the plaintiff was riding, had a defective headlight, and was being run by defendant company at a rate of speed of 10 or 15 miles per hour through the darkness, and that there was a collision between the steam locomotive and the electric car, in which she claims damages, and that said injury was due to negligence and carelessness on part of the employes of defendant in driving and operating the car on which she was riding, under the circumstances above set forth.

The defendant's answer admits that it is a corporation, engaged in the business of operating a line of steam and electric railroad between the cities of Tulsa and Sand Springs, and was so engaged in operating, at the time of the accident, passenger and freight trains on said line of road, carrying passengers thereon for hire.

Under the statute law of this state—

"A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill." (Section 4891, Comp. Stat. of Okla. 1921.)

And, in the next section, No. 4892, the statute provides:

"A carrier of persons for reward is bound to provide vehicles safe and fit for the purposes to which they are put, and is not excused for default in this respect by any degree of care."

Then, it is made the statutory duty of the defendant company, where, as in this case, it admits that it was operating said railroad both by steam and electricity and carrying passengers and freight for hire, to use the utmost care and diligence for the safe carriage of persons, and it must provide everything necessary for that purpose, and is bound to provide vehicles fit and safe for the purposes for which they are used, and in the instant case it was the duty of the defendant company to provide a suitable car, properly equipped and in good working order, and to provide a clear track for the running of the car for the purposes for which the same was being used, to wit: in carrying passengers from Sand Springs Park to the city of Tulsa. And, upon failure to do this and proof being offered by plaintiff of these facts of failure on part of the company to discharge its plain duty, as defined by the statute, a prima facie case arises of negligence on part of the carrier. The railroad company necessarily has its schedule for the running of its cars and the record discloses that the employes of the railroad knew that the car upon which the plaintiff was riding was due to arrive at the point where the collision occurred, as shown by the evidence of the employes of the railroad, who were operating the engine, and while it might have been better for the attorneys on part of the plaintiff in this case to have alleged specifically that the accident was caused by the negligence of both crews, yet they did allege the fact that this locomotive was on this track, and the proof shows that it was backing toward the car upon which the plaintiff was riding, without any light on the same, and that under those conditions the operators of the electric car ran into it and the plaintiff was injured as set forth in the petition.

We cannot agree with counsel that we should write into that part of plaintiff's petition the words, "without a headlight," where it is alleged, "that said injury was due to the neglect and carelessness on part of the employes aforesaid in driving and operating said car as aforesaid, "for we do not think that this part of plaintiff's petition admits of the construction placed upon it by counsel for defendant in their brief.

And we cannot agree with the counsel that upon the state of pleadings in this case, plaintiff is held to the hard and fast rule to prove a defective headlight as the only specific act of negligence on the part of the defendant company. The further fact that the car was being operated in the darkness at a rapid rate of speed along a single track that was being used by the company for the operation of locomotives and freight cars, was sufficient to relieve the plaintiff from being held to the one single specific act of negligence for her recovery in this case, as

contended for by counsel for defendant, and she was entitled to recover under the facts in this case and under the issues joined, and the facts proven, for an invasion of her statutory right to have a clear track and a safe conveyance to the point of her destination, for which she had paid her fare, unless defendant could counteract by proof this state of facts. This being true, then it is conceded by counsel for defendant in their brief that the doctrine of res ipsa loquitur obtains, and the authorities cited by counsel upon subdivision (a) of their first proposition do not apply.

We have carefully examined the authorities cited, and we find that the courts of the several states of this Union are not in accord upon this doctrine, and that in this jurisdiction there is no case absolutely decisive of this question, and while there is some room for doubt as to whether this doctrine applies in the instant case, yet we are of the opinion that under the provisions of our statute quoted, supra, and from the further fact that the defendant accepted the pleadings and joined issue with the plaintiff, and offered proof upon the issues joined, and offered proof to show as an independent defense that on account of burning trash a smoke screen intervened between the locomotive and the car, so as to obstruct the vision of the employes, as an intervening cause of the accident, over which they had no control, we are of the opinion that the contention under subdivision (a) is not sufficient grounds for reversal of the judgment in this cause.

As to subdivision (b), we do not think that this is well taken for the reason that we cannot read into the instruction complained of that the court did, or intended to make the defendant company an insurer of its passengers.

Under subdivision (c), attorneys argue that the court shifted the burden of proof upon the defendant, and under this head it will be necessary for us to examine the other instructions given by the court, as the rule of law is that you cannot single out any one instruction, but must consider each and every instruction together as a whole, and in applying this rule, on an examination of the record, we find that the court instructed the jury in the first instruction as follows:

"You are instructed that the burden of proof is upon the plaintiff in this case, and it is necessary, before she is entitled to a verdict in her favor at your hands, that she should establish by a preponderance of the evidence all the material allegations of her petition"—after which follows the general instruction on how to determine the preponderance of the evidence, and the instruction closes in the following words:

"If you determine that the plaintiff has the greater weight of the evidence on his side, then he has sustained successfully the burden of proof and your verdict should be for the plaintiff in whatever amount that he may be entitled to recover under the evidence in this case and under these instructions. On the other hand, if the evidence should be evenly balanced in your judgment, or if the weight of the evidence should be upon the side of the defendant, then the plaintiff has failed to establish his case by a preponderance of the evidence, and your verdict should be for the defendant."

The instructions show the incorporation of all the allegations of plaintiff's petition, and the court instructed that the burden of proof was upon the plaintiff, and that before she was entitled to a verdict in her favor, she should establish by a preponderance of the evidence all of the material allegations of her petition, and that the jury must determine that the plaintiff must have the greater weight of the evidence on her side before she could recover, or that if the evidence were evenly balanced, or if the weight of the evidence should be upon the side of the defendant, then the plaintiff had failed to establish her case by a preponderance of the evidence and the verdict should be for the defendant. And in the instruction complained of, the court instructed the jury that it must find by a preponderance of the evidence that the plaintiff was a passenger on the electric passenger car on the night of the accident, and that the said electric passenger car came into collision with a locomotive engine on the track of the defendant, and that the plaintiff was injured, and that the collision was the proximate cause of the injury complained of before the jury would be entitled to return a verdict in favor of the plaintiff.

And the court further instructed the jury, under instruction No. 7, as to defendant's only independent defense, the smoke screen, and correctly, in our judgment, instructed the jury that the burden of proof was upon the defendant to show the independent defense of the intervening cause of the accident, namely, the smoke screen, and, in our opinion, did not shift the main burden of proof to the defendant, as contended for by counsel for defendant under subdivision (c).

The plaintiff having introduced evidence that she was a passenger on defendant's car, and that such car collided with the locomotive operated by defendant, under the conditions set forth in her petition, caused

by the locomotive standing upon the track and the defective headlight, and running in the dark at a high rate of speed, and showed to the satisfaction of the jury that the injury complained of, and the extent thereof, was the direct and proximate result of such collision, she made a prima facie case, which raised the presumption of negligence and the burden of proof then shifted to the defendant to overcome such presumption to the satisfaction of the jury. The defendant then introduced its evidence in contradiction of the allegations of plaintiff's petition, and the testimony of her witnesses as to the speed the car was running, as to the defective headlight, as to the location of the locomotive and as to the general condition under which the car was being operated, and introduced proof upon its independent defense that the view was obstructed because of the smoke screen from the trash that was being burned along side of the track by an agency not under the control of the defendant. This being true, then upon the authority of decision of this court, in the case of Missouri, O. & G. Ry. Co. v. Vandivere, 42 Okla. 427, 141 Pac. 799, we are of the opinion that this part of the instruction complained of by defendant in brief of its counsel, when considered with the other instructions given, was correctly given.

This court decided, in the case of Chicago, R. I. & P. Ry. v. Pitchford, 44 Okla. 197, 143 Pac. 1146:

"As a general rule, the violation of a public duty, enjoined by law for the protection of person or property, constitutes negligence per se.

"Where the circumstances of a case are such that the standard of duty is fixed and defined by law, and is the same under all circumstances, the omission of this duty is negligence."

This court again, in the case of Slick Oil Co. v. Coffey, 72 Oklahoma, 177 Pac. 915, in the body of the opinion, uses this language:

. "This court, in accordance with the great weight of authority, has announced the rule that the violation of a public duty enjoined by law for the protection of persons or property constitutes negligence per se."

The court, in instruction No. 8, following after instruction No. 7, used this language:

"You are instructed that in arriving at your verdict in this case, you will not single out any particular instruction or paragraph of any instruction given you herein, but you will consider the instructions as a whole and in their entirety and consider each instruction in connection with all the others given in this case, and so apply such instructions in their entirety to the evidence

before you, and in so doing endeavor to arrive at a just and true verdict under all the instructions and all the evidence in the case, and return such verdict into court."

This court, in the case of R. M. Snyder v. J. C. Stribling, 18 Okla. 168, 89 Pac. 222, held:

"Although an instruction given may misstate the law, if others are given which when taken together with the improper one make it apparent that the jury was not misled thereby, the same will not constitute reversible error."

This court, also, in the case of Mitchell v. Altus State Bank, 32 Okla. 628, 122 Pac. 66, held:

"Where it appears from the evidence that a verdict is so clearly right that, had it been different, the court should have set it aside, such verdict will not be disturbed merely for the reason that there is error found in the instructions."

Again, this court in the case of New et al., Receivers, v. Hughes, 80 Okla. 129, 194 Pac. 897, held:

"Where a judgment is rendered and from an examination of the entire record it appears that the instructions to the jury complained of and requested instructions refused have probably not resulted in a miscarriage of justice nor constitute a substantial violation of a constitutional or statutory right, this court is powerless to reverse such judgment."

This court, again, in the case of Slick Oil Co. v. Coffey, supra, held:

"Where instructions given, taken together and considered as a whole, fairly present the law of the case they will be held sufficient."

In this case we have carefullly examined the record and authorities cited in the able and exhaustive briefs of counsel on both sides and the statute law of this state, defining the duties of carriers, and the facts surrounding the collision, in which the plaintiff received the injury complained of, and we are of the opinion that the instructions, given by the court, fairly state the law of this case, and there is sufficient evidence to support the finding of the jury on the ground of actual negligence on part of the defendant, and that no reversible error occurred in the trial of said cause upon the first proposition argued by defendant in the brief of its counsel. We think that the correct conclusion was arrived at in this case and that the verdict is just and proper.

The attorneys for defendant in their brief complain that the court erred in re-

fusing to give, in charge to the jury, the four requested instructions, but upon a careful examination of the record we find that the four instructions, as heretofore set forth in this opinion, were requested and refused by the court and upon examination of the written instructions requested we find this indorsement at the close of each instruction:

"Requested by defendant and refused.

"Owen Owen, Judge."

But nowhere, either at the close of the instructions or in the clerk's minutes or the stenographer's record, do we find that an exception was reserved or saved by counsel for defendant to such refusal.

Section 542 of vol. 1, Comp. Stat. 1921, sets out the manner by which exceptions to instructions must be saved in order to entitle the Supreme Court to review the action of the court in its refusal to give requested instructions to the jury, and is as follows:

"A party excepting to the giving of instructions, or the refusal thereof, shall not be required to file a formal bill of exceptions; but it shall be sufficient to write at the close of each instruction, 'Refused and excepted to,' or, 'Given and excepted to,' which shall be signed by the judge."

This court, in the case of Kinney v. Williams, 66 Okla. 167, 168 Pac. 196, in construing this statute, held:

"In order to bring up for review to this court the instructions of the court, exceptions thereto must be saved in the manner prescribed by the statute, and the error in giving the same must be assigned in the motion for new trial and in the petition in error."

This court, again, in the case of Fullerton-Stuart Lumber Co. v. Badger, 59 Okla. 135, 158 Pac. 376, held:

"In order for a party to avail himself of an alleged error in an instruction given to the jury by the court, or the refusal to give a requested instruction, it must appear from the record that the instruction complained of, or the refusal to give the requested instruction, was duly excepted to at the time."

In said opinion, in support of the above construction of this law, the court cites: Shuler v. Hall, 42 Okla. 325, 141 Pac. 280; Young v. M., O. & G. R. Co., 41 Okla. 611, 145 Pac. 1118; Incorporated Town of Stigler v. Wiley, 36 Okla. 291, 128 Pac. 118; Straughan v. Cooper, 41 Okla. 515, 139 Pac. 265; Shuler v. Collins, 40 Okla. 126, 136 Pac. 752.

The rule is settled in this jurisdiction that where a party seeks to avail himself of alleged errors in the refusal to give instructions requested, the refusal must be excepted to at the time and in the manner and form as prescribed by the above quoted statute. This not having been done by the attorneys for the defendant in the court below, nothing is presented to this court for review upon this proposition and we are, therefore, of the opinion that upon this phase of the case we cannot consider the errors complained of.

As to the third proposition raised by attorneys for defendant in their brief, that the amount awarded by the jury as damages is excessive and appears to have been given as a result of passion and prejudice on part of the jury, we cannot agree with counsel for the reason that the evidence discloses that the defendant was severely injured, was crippled in one of her arms, sustaining severe bruises on parts of her body, suffered from nervous shock and that she was pregnant at the time of the injury, being about five and a half months advanced, that she was compelled, on advice of her physician, to go to bed and remain in bed until the full term of her pregnancy, or until her child was born, and during all that time she was threatened with miscarriage and suffered great pain, and was still suffering great pain and nervousness at the time of the trial, and we do not feel that the sum of $5,100, awarded by the jury, is excessive, nor is there anything in the record to indicate that the jury was influenced by passion or prejudice in awarding this amount, and there is nothing contained in the argument of counsel for defendant in their brief, except that counsel argue the size of the verdict as indicative of prejudice on part of the jury. It is our opinion that the verdict for $5,100, as found by the jury and approved by the trial court, should not be disturbed on appeal.

In support of the above finding we cite the case of City of Tulsa v. Wells, 79 Okla. 39, 191 Pac. 186.

In the case of Muskogee Electric Traction Co. v. Wimmer, 80 Okla. 11, 193 Pac. 101, it was held by this court:

"It would be impossible to recount all the factors which enter into the common and general notions of what is fair and just as a basis to measure the damages for personal injuries. There can be no absolute standard to measure such damages, and a wide latitude of discretion is necessarily left to the good sense and discretion of the jury, which fixes the award. And, in an action for personal injury, a verdict will not be set aside for excessive damages unless it

clearly appears that the jury committed some gross and palpable error, or acted under some improper bias, influence or prejudice, or has totally mistaken the rules of law by which damages are regulated."

The jury had all of the facts before it, and it was charged with the duty to fix the amount of damages in this case, it being peculiarly within its province to make the award, and, as in this case, where the evidence discloses the substantial injuries suffered by the plaintiff as the result of the collision, we are of the opinion that the amount allowed by the jury is not excessive.

The whole record having been carefully examined, we are of the opinion that no substantial error was committed by the trial court to justify a reversal of the judgment, and the same is therefore affirmed.

By the Court: It is so ordered.