**HEMME et ux. v. STEIN.**

No. 11877—Opinion Filed Sept. 25, 1923.

1. **Records — Conclusiveness — Interest in Real Property.**

Rights and interests in real property may exist in persons other than those shown by the record.

2. **Same—Joint Interests of Husband and Wife—Prima Facie Evidence—Acts of Parties.**

Where the husband causes his wife to join him in the execution of an oil and gas lease, the royalty checks being made payable to the husband and wife jointly, and the husband requests the proposed purchaser of the royalty rights to discuss the question of sale with his wife, the acts and conduct of the parties create prima facie ownership of an interest in the real estate in the wife even though the record title appears alone in the husband.

3. **Same—Merchantable Title.**

Where the acts and conduct of the husband and wife are such as to create prima facie ownership of an interest in real estate in one of the parties, it will require a conveyance from both, husband and wife, to carry a merchantable title to the purchaser.

4. **Appeal and Error — Questions of Fact—Verdict.**

It is for the jury to pass upon issues of fact, and its finding wil not be disturbed on appeal if there is any testimony that reasonably tends to support the verdict.

5. **Same—Sufficiency of Evidence.**

Record examined, and held to support the verdict of the jury.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Payne County; Arthur R. Swank, Judge.

Action by Wm. Stein against F. W. Hemme and Mary Hemme for recovery of commission for the sale of real estate. Judgment for plaintiff. Defendants bring error. Affirmed.

John P. Hickam and R. H. Moore, for plaintiffs in error.

Springer & Wilson and Stuart, Cruce & Bland, for defendant in error.

Opinion by STEPHENSON, C. F. W. Hemme, joined by his wife, Mary Hemme, executed and delivered an oil and gas lease on 80 acres of land. According to the record F. W. Hemme held the title to the property. Oil and gas production was developed on the property in question, and the royalty checks were made payable jointly to the lessors. It appears that the defendant F. W. Hemme listed the royalty right with the plaintiff for sale. The plaintiff claimed the defendant listed the royalty rights with him for sale and he produced a party ready, able, and willing to purchase the property on the terms made by the defendants. The plaintiff claims that the defendants refused to make a conveyance of the property to the proposed purchaser, as they were bound by the terms of their agreement. The plaintiff, alleging default upon their part, has brought his suit for the recovery of his commission in the sum of $6,000. The jury returned its verdict for plaintiff in the sum of $3,250. The defendants have brought error, alleging that the evidence is insufficient to support the verdict. The plaintiff testified that he went to the home of the defendant and discussed the matter of the sale with both parties, and that the wife stated that whatever the husband did in the matter of the sale would be satisfactory with her. Thereafter F. W. Hemme advised the plaintiff he would be willing to authorize him to sell the royalty rights in the property for $125,000 net. The plaintiff was to receive five per cent. commission for the sale. Later the plaintiff secured a purchaser who was willing to pay the $125,000, plus the five per cent. commission, and placed the purchase price on deposit in a Tulsa bank. In preparing the abstract of title it was found that the defendants had given an option for the sale of the royalty rights previously, and that a suit was then pending by the defendants, as plaintiffs, for cancellation of the instrument. The plaintiff testified that the defendant, acting for

himself and as the agent of his wife, authorized him to enter into negotiations with the holder of the option and the defendant in the suit then pending to pay the latter the sum of $3,500 for a release for the account of the defendants in this case. The plaintiff, pursuant to the directions of the defendant, made a compromise agreement with the first holder of the option for a settlement or release of his claim in the sum of $3,500. When the details relating to the sale had been arranged, and a purchaser procured for the royalty rights on the terms required by the defendants, the plaintiff notified the deefndant F. W. Hemme that he would reach Stillwater at a certain time with a representative of the purchaser to complete the sale. The plaintiff came to Stillwater with the representative of the purchaser according to appointment. The representative held a letter of credit to the bank at Stillwater from a correspondent bank at Tulsa, authorizing the payment of the sum of $125.000 for the conveyance of the royalty rights. The $125,000 was to be paid to F. W. Hemme and his wife as the purchase price of the property. The defendant F. W. Hemme tendered his deed of conveyance to the royalty rights to the proposed purchaser. The latter refused to accept the deed unless the wife joined. The husband refused or failed to secure the signature of his wife to the deed of conveyance. The record showed the title of the real estate to be in F. W. Hemme. Title and rights in real property may not always be as appears by the record. The homestead rights are not shown by the record in all instances, and the ownership of the fee may be in a person other than shown by the record. Before the details of the proposed sale were arranged, the husband requested the plaintiff to go to his home and discuss the matter with his wife, which was done by the plaintiff. The plaintiff testified that at this meeting the wife advised him that whatever her husband did in the matter of the sale would be satisfactory with her. She did not disclaim ownership in the property, or assert that she did not own any rights in the property. She did not state what her claim was, if any, in the property. The requirement that the plaintiff discuss the proposed sale with his wife, and the directions that her husband act for her in the proposed sale, together with the joint execution of the lease, and the joint payment of the royalty checks to the defendants, create a prima facie ownership of an interest in the wife. The apparent ownership required the joint deed of the parties to convey a merchantable title in the royalty rights to the proposed purchaser. It

follows that the failure of F. W. Hemme to tender the joint deed of himself and wife constituted a breach of the contract to sell the property, unless he was not authorized to act for his wife. The real reason the wife refused to execute the deed was because the husband had agreed to pay the sum of $3,500 for the release of the first option, then involved in a suit between the defendants and the holder thereof. The wife admitted that she had signed a deed preparatory to the sale and that she was willing to sell the property for $125,000 net. So far as the record shows, no one had communicated with the wife concerning the details of the sale, except the husband. For himself and as agent for his wife, it was the duty of F. W. Hemme to clear the title to the property in question and tender a conveyance that carried a merchantable title in the royalty rights to the proposed purchaser. F. W. Hemme had the right for himself and as agent to bind himself and wife to pay the said sum of $3,500 for the compromise of the suit and release of the option. And he had the further right for himself, and as agent for his wife, to authorize the plaintiff for and on their account to pay the said $3,500 out of the proceeds of the purchase price. Nor did the agreement to pay the $3,500 by the plaintiff, out of the sales price for the property, affect the agreement that the net sales price to the defendant should be $125,000. The obligation to pay the $3,500 was the obligation of the defendants, and the sum could lawfully be deducted from the agreed purchase price. The wife cannot complain that the sum for the release of the option was deducted from the sales price, as her agent was acting within the scope of his authority in authorizing the plaintiff to procure a settlement of the option and a release thereof, and in authorizing the deduction of the sum of money for such settlement from the sales price. Therefore, it follows that the breach of the sales contract was on the part of the defendants. All other material matters in this action are admitted by the defendants. The evidence was sufficient to raise an issue of fact on the question of agency for submission to the jury. The verdict of the jury in favor of the plaintiff carried with it a finding upon this question in favor of the plaintiff. It is apparent that the finding of the jury on this point is supported by sufficient evidence. The court did not commit error against the defendants in its instructions to the jury. What errors, if any, are in favor of the defendants. The real complaint of the wife is not on the question of the authority of her husband

to act for her, but relates to the acts of her agent performed within the scope of his authority. The petition of plaintiff alleges the agency of the husband for the wife. The answer of the defendants was not verified, and did not put in issue the question of agency. Under the admissions in evidence on the part of the defendants, and the failure of the defendants to put in question the issue of agency, the record approached near the point where the plaintiff was entitled to an instructed verdict. Silverwood v. Carpenter, 51 Okla. 745, 152 Pac. 381; C., R. I. & P. Ry. Co. v. Gilmore, 52 Okla. 296, 152 Pac. 1096; Kinney v. Williams, 66 Okla. 167, 168 Pac. 196.

We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.